UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY E. AKARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00134-JRS-DLP ) |
| DICK BROWN, et al. | ) ) ) |
| Defendants. | ) |

**Order Granting Defendants' Motion for Summary Judgment**

Plaintiff Jeffrey E. Akard filed this civil rights action alleging that the defendants were deliberately indifferent to his medical needs. The Court now grants summary judgment in favor of the defendants and dismisses this action without prejudice to refiling after Mr. Akard exhausts available administrative remedies.

## I.     Preliminary Motions

Defendant Warden Dick Brown filed a motion for summary judgment arguing that Mr. Akard failed to exhaust his administrative remedies. Dkt. [28]. Defendant Michael Mitcheff then filed a motion to join Warden Brown's motion. The motion to join, dkt. [32], is **granted**.

Mr. Akard filed a motion for change of defendant on December 11, 2020, seeking to remove Warden Brown as a defendant and substitute the warden of New Castle Correctional Facility, where Mr. Akard is now in custody. Dkt. [33]. On January 8, 2021, Mr. Akard filed a motion asking the Court to "correct or set aside" the motion for change of defendant, explaining that this action should proceed against Warden Brown. Dkt. [35]. The Court construes this as a motion to withdraw Mr. Akard's motion for change of defendant. So construed, the motion, dkt. [35], is **granted**. The motion for change of defendant, dkt. [33], is **withdrawn**.

## II.     Motion for Summary Judgment

### A.     Summary Judgment Standard

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary

judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

>   **B.**     **Relevant Facts**

Except where noted, the following facts are undisputed.

Mr. Akard's complaint alleges that the defendants were deliberately indifferent to his medical needs by failing to (1) provide appropriate prescription medication, (2) provide him with a proper diet, and (3) assign him to a lower bunk.

Records of all grievances filed by inmates during their incarceration in the Indiana Department of Correction are maintained in the Offender Grievance Review and Evaluation (OGRE) Case Management System. Dkt. 28-3, ¶ 4 (affidavit of Thomas Wellington). The policy governing the grievance process is titled "IDOC Policy and Administrative Procedure 00-02-301, the Offender Grievance Process." *Id.*, ¶ 6. This policy has been available to Mr. Akard at all times during his incarceration. *Id.*, ¶ 7. Under the policy, an offender can grieve actions of individual staff, including claims that facility staff were deliberately indifferent. *Id.*, ¶ 8.

Before filing a grievance, an offender is required to resolve a complaint informally and provide evidence of the attempt. *Id.*, ¶ 9. If the offender is unable to informally resolve his complaint, the offender must submit a completed State Form 45471, "Offender Grievance," no later than 10 business days from the date of the incident giving rise to the complaint or concern to the grievance specialist. *Id.*, ¶ 10. Within 5 business days, the grievance specialist shall accept or reject the grievance. *Id.*, ¶ 11. If the grievance does not meet the criteria of the grievance policy, the grievance specialist may return it to the inmate unfiled with an explanation for why it was returned. *Id.*, ¶ 14. The inmate then has 5 business days to make the necessary revisions and resubmit to the grievance specialist. *Id.*, ¶ 16.

If the grievance is accepted, the inmate should receive a receipt while the grievance is investigated and resolved. *Id.*, ¶ 17. If the inmate receives no response within 20 days after the investigation begins, the inmate may appeal as if the grievance has been denied. *Id.*, ¶ 19.

If the inmate does not receive a response or is dissatisfied with the response, the inmate may appeal by completing the appropriate sections of State Form 45473, "Grievance Appeal," and submitting it to the grievance specialist within 5 business days. *Id.*, ¶ 20. If the inmate is dissatisfied with the result of the appeal or does not receive a response, the inmate may then appeal to the offender grievance manager. *Id.*, ¶ 23. The decision of the offender grievance manager is final. *Id.*, ¶ 27. Exhaustion of the grievance process requires an offender to attempt an informal resolution, to file a formal grievance, file an appeal with the warden, and to file a second appeal with the offender grievance manager. *Id.*, ¶ 28.

Mr. Akard wrote a letter to the medical coordinator on May 30, 2019, requesting a lower bunk pass. Dkt. 2-1 at 38. He did not file a formal grievance about this concern.

Mr. Akard filed an informal grievance on February 15, 2020, and a formal grievance on February 18, 2020, both regarding his complaints about his diet and prescription medication. Dkt. 2-1 at 3. The formal grievance was returned as incomplete, dkt. 31-1 at 1, but Mr. Akard did not resubmit it or file an appeal. *See* dkt. 28-2 (grievance log).

Mr. Akard asserts that he has filed many formal grievances that were returned as untimely without being filed. Dkt. 31, ¶ 9. In support, he cites to his grievance dated February 18, 2020, which was returned as incomplete. *Id.* (citing dkt. 31-1 at 1). He also cites to a grievance filed on August 14, 2020. *Id.* (citing dkt. 31-1 at 7−10).

On March 9, 2020, Mr. Akard filed his complaint in this action. Dkt. 2.

### C. Discussion

The substantive law applicable to this motion for summary judgment is the PLRA, which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that Mr. Akard failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006); *cf. Perez v. Wisc. Dep't of Corr.*, 182 F.3d 532, 534−35 (7th Cir. 1999) (exhaustion must be complete before plaintiff brings suit; exhaustion while litigation is pending is insufficient).

Mr. Akard failed to exhaust available administrative remedies before filing suit. Mr. Akard does not dispute that he failed to complete the exhaustion process. While he took some steps toward exhaustion—filing informal grievances and one or more formal grievances—he did not complete the steps outlined in the grievance policy required to fully exhaust his available remedies. Notably, the Court considers only grievances filed before Mr. Akard filed his complaint in this action. Later-filed grievances may enable Mr. Akard to satisfy the exhaustion requirement if he

completes the full process outlined in the grievance policy, but that process must be complete *before* filing suit. *Perez*, 182 F.3d at 534−35.

Mr. Akard is not excused from exhaustion based on his assertion that one or more grievances was returned as untimely. The grievance policy provides that

> [a]n offender who does not follow the established time limits in this procedure may have his/her grievance or appeal denied for failure to comply to the time frames unless he or she is able to show good cause. If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review.

Dkt. 28-1 at 13. There is no evidence that Mr. Akard offered good cause for filing an untimely grievance or appealed the decision to return or deny any grievance as untimely.

Because Mr. Akard failed to exhaust his available administrative remedies, the defendants' motion for summary judgment is **granted**. This action will be dismissed without prejudice to Mr. Akard filing a new complaint after exhausting his available administrative remedies.

### III.   Conclusion

Mr. Akard's motion to correct, dkt. [35], is **granted**. The motion for change of defendant, dkt. [33], is **withdrawn**. Mr. Mitcheff's motion to join, dkt. [32], is **granted**. The defendants' motion for summary judgment, dkt. [28], is **granted**. This action is **dismissed without prejudice**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   2/23/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY E. AKARD
199176
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov